[NOT FOR PUBLICATION]                    [Docket No. 7]

## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF  NEW JERSEY
### CAMDEN VICINAGE

| | | |
|---|---|---|
| HERCULES, INC., | : | |
| Plaintiff, | : | |
| | : | Civil No. 08-4391 (RMB) |
| v. | : | |
| DELAWARE VALLEY SCRAP CO., INC., | : | **MEMORANDUM AND ORDER** |
| Defendant. | : | |

**BUMB**, UNITED STATES DISTRICT JUDGE:

This matter comes before the Court upon a motion by the defendant, Delaware Valley Scrap Co., Inc., (the "Defendant") to dismiss the Complaint for failure to state a claim upon which relief may be granted, pursuant to Federal Rule of Civil Procedure 12(b)(6).  The plaintiff, Hercules, Inc., (the "Plaintiff") brought this action for breach of contract and breach of the covenant of good faith and fair dealing.

As it must, the Court takes all allegations in the Complaint as true (even if doubtful in fact) and accepts all reasonable inferences favorable to Plaintiff from those allegations.  Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1965 (2007) (internal citations omitted); Unger v. Nat'l Residents Matching Program,

1

928 F.2d 1392, 1400 (3d Cir. 1991).  The Court will briefly summarize the relevant facts pled in the Complaint.

Plaintiff contracted with Defendant twice, in 1976 and 1977, for the transportation and disposal of industrial waste accumulated by Plaintiff's facility.  Both contracts required Defendant to indemnify Plaintiff for any liability arising from Defendant's performance.  The 1976 contract, in particular, required Defendant to obtain liability insurance.

On December 29, 2004, the New Jersey Department of Environmental Protection ("NJDEP") and the New Jersey Spill Compensation Fund ("NJSCF") brought suit against Plaintiff (hereinafter, the "Underlying Action") for reimbursement of costs and damages incurred, alleging that, between 1973 and 1981, Plaintiff generated and discharged hazardous substances at the Florence Land Recontouring Landfill Superfund Site in Florence, Mansfield, and Springfield Townships.  The parties to the Underlying Action agreed to a settlement, which became effective on July 16, 2008.

Plaintiff brought this action on September 3, 2008, seeking indemnification from Defendant for liability and litigation costs associated with the Underlying Action.  Defendant now moves to dismiss the Complaint on four grounds: (1) that the statute of limitations has expired, (2) that Plaintiff previously waived the claims it seeks to assert in this action, (3) that Plaintiff

cannot recover as a matter of law under the 1976 and 1977 contracts, and (4) that the Complaint fails to allege with specificity any wrongdoing by Defendant.

The Court first addresses the statute of limitations issue. Defendant contends that Plaintiff filed this lawsuit long after the six-year statute of limitations for contract claims had expired. Defendant asserts that the statute began to run in 1989, at the latest, which was when Plaintiff was first named in an NJEDP directive.

In determining the date at which the statute begins to run for indemnification-contract claims, New Jersey courts have held,

> Where the agreement indemnifies for loss, the cause of action accrues at the point that the liability is discharged by payment and the indemnitee suffers an actual loss. Where the agreement provides indemnification for liability, the cause of action arises with the liability and the plaintiff is entitled to recover the amount necessary to enable it to discharge the liability itself.

First Indem. of America Ins. Co. v. Kemenash, 328 N.J. Super. 64, 72-73, 744 A.2d 691 (2000) (internal citations omitted). Here, no loss occurred and no liability accrued when the NJEDP unilaterally issued a directive to Plaintiff in 1989. Indeed, it appears from the face of the Complaint that Plaintiff suffered the loss and incurred the liability on the same date -- in July 2008 -- when the settlement became effective. As this lawsuit was filed approximately two months later, in September 2008, Plaintiff has not exceeded the six-year statute of limitations.

Defendant next contends that, even if the claims were raised within the statute of limitations period, they are still barred under the doctrine of waiver.  This argument relies upon Defendant's assertion that Plaintiff was aware of the requirement that Defendant provide certificates of insurance before doing the contracted work, and waived that requirement by allowing the work to commence without insurance.  Setting aside the question of whether this fact-inference can be drawn from the Complaint, Defendant misapplies the doctrine of waiver.

Waiver "is the intentional relinquishment of a known right." West Jersey Title & Guar. Co. v. Industrial Trust Co., 27 N.J. 144, 152, 141 A.2d 782 (1958).  "Waiver must be voluntary and there must be a clear act showing the intent to waive the right. Furthermore, waiver presupposes a full knowledge of the right and an intentional surrender; waiver cannot be predicated on consent given under a mistake of fact." County of Morris v. Fauver, 153 N.J. 80, 104-05, 707 A.2d 958 (1998) (internal citations omitted).  There is no basis for the Court to conclude that Plaintiff intentionally surrendered its right to indemnification, nor that, if Plaintiff did manifest an intention to waive its right, such waiver was not predicated upon a mistake of fact. For this reason, Defendant's reliance upon the doctrine of waiver is unavailing.

Turning to the contract itself, Defendant avers that

4

Plaintiff cannot prevail as a matter of law, because contracts for indemnification are to be construed narrowly against the indemnitee.  In particular, when the contract lacks express language requiring indemnification for losses resulting from the indemnitee's own actions, the contract may not be construed to require such indemnification.  Ramos v. Browning-Ferris Indus. of S. Jersey, Inc., 103 N.J. 177, 191-93 (1986).  Plaintiff contends that this rule applies only to indemnification for losses resulting from negligence, and thus does not apply here, as the basis for liability in the Underlying Action was strict liability.  However, even assuming, arguendo, that Defendant's view of the law is correct, this would compel dismissal only if the Court found that the loss here was, in fact, caused by Plaintiff's own actions.  Defendant maintains that this finding of fact is justified on the purported admission that Plaintiff generated the waste that ultimately caused contamination.  The Court disagrees.  Drawing all inferences in Plaintiff's favor, as the Court must do, it is entirely possible that, although Plaintiff generated the waste, it bears no fault for the contamination.  Only through discovery can Defendant establish that Plaintiff's own actions caused the loss at issue here. Accordingly, the Court declines to dismiss the Complaint by construing the contract narrowly against Plaintiff.

Finally, Defendant asserts that the Complaint fails to

establish any wrongdoing by Defendant.  A motion to dismiss for failure to state a claim upon which relief may be granted must be denied if the plaintiff's factual allegations are "enough to raise a right to relief above the speculative level . . . ." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1965 (2007) (internal citations omitted).  Moreover, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. (internal citations omitted).

Here, the Complaint far exceeds this minimum threshold.  The 1976 contract specified that Defendant was "responsible for providing a private dump area acceptable to the [S]tate . . . ." (Compl. ¶ 28.)  Defendant agreed to "supervise and be responsible for . . . the dumping of all materials, and to . . . protect against injury and damage." (Compl. ¶ 27.)  The Complaint alleges that the Florence Landfill, selected by Defendant, discharged hazardous substances.  (Compl. ¶¶ 10-11.) Furthermore, the events giving rise to the Underlying Action occurred, at least in part, during the time that Defendant was transporting Plaintiff's waste.  Clearly, discovery is needed to determine whether, in fact, Defendant failed to discharge its

contractual obligations.  Nonetheless, the allegations in the Complaint are sufficiently specific to survive a motion to dismiss.

Accordingly, for the reasons stated herein, it is on this **11th** day of **February 2009**, hereby

**ORDERED** that Defendant's motion to dismiss shall be **DENIED**.


s/Renée Marie Bumb
RENÉE MARIE BUMB
United States District Judge

7